IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAURICE ROBINSON,

        **Plaintiff,**

v.

DANIEL HOLMES, M.D. and
KANSAS CITY UROLOGY CARE, PA,

        **Defendants.**

Case No. 21-2602-DDC-TJJ

## MEMORANDUM AND ORDER

Pro se plaintiff Maurice Robinson[1] filed this personal injury/medical malpractice lawsuit against defendants Daniel Holmes, M.D., and Kansas City Urology Care, PA. Doc. 1 at 2. Plaintiff's Complaint doesn't allege any federal claims. And, plaintiff appears to invoke this court's jurisdiction under diversity subject matter jurisdiction. *Id.* But, as Judge James explained in her Order to Show Cause, plaintiff doesn't allege clearly that the parties are citizens of different states sufficient to establish diversity subject matter jurisdiction under 28 U.S.C. § 1332. Doc. 5 at 1. So, Judge James ordered plaintiff to show cause why the court shouldn't dismiss the case for lack of subject matter jurisdiction. Doc. 5 at 2.

Plaintiff has filed a Response to Judge James's Show Cause Order. Doc. 6. But, it doesn't provide any of the information necessary to determine the parties' citizenship. It simply recites that one of the defendants—Kansas City Urology Care, PA— "[o]perate[s] as C.M.P,

---

[1] Because plaintiff proceeds pro se, the court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

Building One LLC, Citizenship[.]" *Id.* at 1.  And, the Response appears to assert that "business of the corporation needs to be challenged with proof in your court room[.]" *Id.* at 1.  But, plaintiff doesn't provide any of the information required to determine the citizenship of this defendant.  Also, the Response says nothing about the citizenship of the second defendant—Daniel Holmes, M.D.

Without sufficient allegations showing that the parties' citizenship is diverse, plaintiff fails to establish that this court has subject matter jurisdiction over plaintiff's Complaint.  The party invoking federal jurisdiction bears the burden of showing subject matter jurisdiction exists.  *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).  Plaintiff fails to shoulder that burden here by failing to allege diversity jurisdiction under 28 U.S.C. § 1332.  Thus, the court dismisses this case without prejudice because it lacks subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** this case is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 24th day of January, 2022, at Kansas City, Kansas.**

> s/ Daniel D. Crabtree
> **Daniel D. Crabtree**
> **United States District Judge**