UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MAURICE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 21-2602-DDC-TJJ |
| ) | |
| DR. DANIEL HOLMES, M.D. and ) | |
| KANSAS CITY UROLOGY CARE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter is before the Court on pro se Plaintiff's Motion to Seal All Information Pertaining to This Case in its Entirety (ECF No. 9). The Court construes Plaintiff's motion as requesting an order placing all documents filed in the case under seal. This personal injury/medical malpractice case was dismissed without prejudice on January 24, 2022 for lack of subject matter jurisdiction, and the case is now closed.

There is a longstanding common-law right of public access to judicial records.[1] This right "is fundamental to the democratic state" and preserves "the integrity of the law enforcement and judicial processes" by allowing the public to see how courts make their decisions.[2] The right of access is not absolute, but the party seeking to seal a judicial record must show "some significant interest that outweighs" the public interest in access to the records.[3] This burden is "heavy," and sealing is appropriate only when the interest in confidentiality is "real and substantial."[4] A party

---

[1] *McWilliams v. Dinapoli*, 40 F.4th 1118, 1130 (10th Cir. 2022).

[2] *Id.* (citing *United States v. Bacon*, 950 F.3d 1286, 1292 (10th Cir. 2020)).

[3] *Id.* (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)).

[4] *Id.* at 1130-31.

overcomes the presumption in favor of access to judicial records by articulating a real and substantial interest that justifies depriving the public of access to the records that informs the court's decision-making process.[5]

Based upon a review of Plaintiff's motion, the Court finds that Plaintiff has failed to allege a real and substantial interest that would overcome the presumption in favor of public access to judicial records and justify placing all the documents filed in this case under seal. His one-page motion simply states, "Motion to seal all information pertaining to this case in its entirety" with no further explanation. In accordance with the presumption of the right of public access to judicial records, the Court denies Plaintiff's motion to seal the entire case without prejudice at this time. The Court's denial, however, is without prejudice to Plaintiff filing another motion that meets the standards set forth above.

The Court's review of the documents filed in the case reveals that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) and his Affidavit of Financial Status (ECF No. 3-1) are already filed under seal. The Court further notes that Plaintiff attached twenty-one pages of his medical records as Exhibit A to his Complaint (ECF No. 1-1). Plaintiff would have significant privacy interests in his medical records. Disclosure of Plaintiff's unredacted medical records would be sufficient to establish a private harm that would overcome the public's right of access to judicial records.[6] The Court will therefore grant Plaintiff's motion in part and direct that Plaintiff's medical records attached as Exhibit A to the Complaint be placed under seal.

---

[5] *Brown v. Flowers*, 974 F.3d 1178, 1187–88 (10th Cir. 2020) (quotations omitted).

[6] *See United States v. Dewey,* No. 14-10059-JWB, 2022 WL 1500663, at *1 n.1 (D. Kan. May 12, 2022) (granting motion to seal pages containing medical records). *See also Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the U.S. District Court for the District of Kansas (Civil Cases)*, at 18–19 ("[P]arties may modify or partially redact other confidential

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Seal All Information Pertaining to This Case in its Entirety (ECF No. 9) is granted in part and denied in part without prejudice. The Clerk's Office is directed to place Exhibit A to Plaintiff's Complaint (ECF No. 1-1) under seal. The motion is otherwise denied without prejudice.

A copy of this Order shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated November 1, 2022, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge

---

information as permitted by the court (e.g., driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information.)").